UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
KEVIN HENEGHAN, IRA LEVENTHAL,            :
LOOKOUT DOVE PARTNERS LP, and             :
CATHERINE HENEGHAN REVOCABLE              :
TRUST,                                    :
                           Plaintiffs,    :      15-CV-9651 (JPO)
                                          :
            -v-                           :      OPINION AND ORDER
                                          :
DANIEL THIBEAULT, GRADUATE                :
LEVERAGE, LLC, GL CAPITAL                 :
PARTNERS, LLC, and TAFT FINANCIAL         :
SERVICES, LLC,                            :
                           Defendants.    :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

    Plaintiffs filed this action on December 9, 2015. (Dkt. No. 1.) They allege that Defendants Daniel Thibeault, Graduate Leverage, LLC ("Graduate Leverage"), GL Capital Partners, LLC ("GL Capital"), and Taft Financial Services, LLC ("Taft") violated securities laws and U.S. Securities and Exchange Commission ("SEC") Rules promulgated thereunder.

    Plaintiffs now move for a default judgment against Defendants. For the reasons that follow, the motion is granted.

**I.    Background**

    The following facts are taken from the Complaint. (Dkt. No. 1.) Daniel Thibeault founded Graduate Leverage in 2003 and holds a majority ownership in the company. (*Id.* ¶ 3.) Graduate Leverage initially aimed to help graduate students obtain student loans at favorable terms, but the company suffered financial setbacks. (*Id.* ¶ 13.) The business expanded to include financial advisory, insurance brokerage, and asset management services. (*Id.*) At that point,

Thibault opened GL Beyond Income Fund (the "Fund"), an affiliate of Graduate Leverage that invested in individual promissory notes signed by post-graduate and professional students. (*Id.* ¶¶ 14-15.) GL Capital, also run by Thibault, was appointed the sole investment manager of the Fund. (*Id.* ¶¶ 16, 24.)

Plaintiffs allege that, starting in or before 2013, Thibeault "effected a scheme of creating fictitious loans issued by the Fund that, rather than being paid to bona fide borrowers, were instead transferred by a special purpose entity, Taft, that Thibeault created for [these] purposes." (*Id.* ¶ 27.) Thibeault allegedly "prepared forged promissory notes in the names of real individuals who had never requested nor been provided a loan by the Fund," including his college roommate. (*Id.* ¶¶ 28, 37-39.) Plaintiffs contend that Thibeault personally managed the Fund's loans and had proceeds wired to a Graduate Leverage-controlled bank account. (*Id.* ¶¶ 29-30, 32.) Graduate Leverage subsequently failed to provide the custodian bank with the putative underlying promissory notes. (*Id.* ¶ 33.) Plaintiffs allege that Thibeault misrepresented these loans both to Plaintiffs, through Fund reports, and to the SEC. (*Id.* ¶¶ 42-43.)

On December 11, 2014, the U.S. Attorney for the District of Massachusetts filed a criminal action against Thibeault, alleging securities fraud. *See United States v. Thibeault*, No. 14-MJ-6121 (D. Mass., filed Dec. 11, 2014). The Fund closed and the value of its shares plummeted, causing Plaintiffs great financial loss. (Dkt. No. 1 ¶ 48.)

Plaintiffs filed this suit on December 9, 2015. (Dkt. No. 1.) A copy of the Summons and Complaint were then served on: (1) Daniel Thibeault, on December 22, 2015, by personal service (Dkt. No. 13); (2) Graduate Leverage, on December 22, 2015, by personal service on Daniel Thibeault, manager (Dkt. No. 14); (3) GL Capital, on December 22, 2015, by personal

service on Daniel Thibeault, manager (Dkt. No. 15); and (4) Taft, on December 29, 2015, by personal service on Eric Kratzer, owner (Dkt. No. 16).

To date, Defendants have not appeared, answered, or otherwise moved with respect to the Complaint.  Plaintiffs therefore requested to enter default against Defendants (Dkt. Nos. 19-22.), and Clerk's Certificates of Default were issued (Dkt. Nos. 23-26).

## II. Discussion

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014).  Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law. *Id.* (alterations in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).  "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).

Plaintiffs' well-pleaded allegations, outlined above, are enough to establish liability under: Section 11 of the Securities Act of 1933, 15 U.S.C. § 77(k); Section 15 of the Securities Act of 1933, *id.* § 77(o); Section 10(b) of the Securities Exchange Act of 1934, *id.*, § 78(j); SEC Rule 10b-5, 17 C.F.R. 240.10b-5; Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(t); and the Massachusetts Uniform Securities Act, Mass. Gen. Laws ch. 110A, §101 *et seq*.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED.

The Clerk of the Court is directed to enter judgment in favor of Plaintiffs and against Defendants Daniel Thibeault, Graduate Leverage, GL Capital, and Taft, jointly and severally, in the amount of $13,552,145.84 (Dkt. No. 29 at 5-7), plus pre-judgment interest calculated according to the Treasury-bill method established by federal statute. *See* 28 U.S.C. § 1961 ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").

The Clerk is directed to close the motion at Docket Number 28 and to close the case.

Plaintiffs are directed to mail a copy of this Order to the defaulting Defendants.

SO ORDERED.

Dated: August 19, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge